```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


SHEFREN DEWAYNE DIXON,          §
TDCJ-CID NO. 1427565,           §
                                §
          Petitioner,           §
                                §
v.                              §
                                §    CIVIL ACTION NO. H-12-0897
RICK THALER, Director,          §
Texas Department of Criminal    §
Justice, Correctional           §
Institutions Division,          §
                                §
          Respondent.           §
```

## MEMORANDUM OPINION AND ORDER

Shefren Dewayne Dixon filed a Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1)[1] challenging his state court conviction.  Pending before the court is Dixon's Motion for an Evidentiary Hearing (Docket Entry No. 14) and Respondent Thaler's Motion to Dismiss with Brief in Support (Docket Entry No. 10).[2]  For the reasons stated below, the court will grant Respondent's Motion to Dismiss, deny Dixon's Motion for an Evidentiary Hearing, and dismiss Dixon's Petition.

---

[1] Petition for a Writ of Habeas Corpus By a Person in State Custody ("Dixon's Petition"), Docket Entry No. 1.

[2] Respondent Thaler's Motion to Dismiss with Brief in Support ("Respondent's Motion"), Docket Entry No. 10.

## I. Procedural History and Claims

### A. Procedural History

On March 15, 2007, a jury in the 208th District Court of Harris County convicted Shefren Dewayne Dixon of aggravated robbery.[3] The jury sentenced Dixon to fifty years of confinement.[4] The Fourteenth Court of Appeals of Texas affirmed Dixon's conviction on November 4, 2008.[5] Although Respondent states that Dixon filed a Petition for Discretionary Review ("PDR")[6], the court has reviewed the record and determined that Dixon did not file a PDR.

Dixon filed a Texas application for a writ of habeas corpus on June 18, 2009.[7] The Texas Court of Criminal Appeals ("TCCA") denied his application without written order on July 27, 2011.[8] On August 26, 2011, Dixon wrote to the TCCA asking that the TCCA

---

[3]Judgment of Conviction, Docket Entry No. 11-21, pp. 7. Page citations to state court trial documents, including the record and state court orders, are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document. Page citations to the federal briefs are to the numbers at the bottom of the page in the documents.

[4]Id.

[5]Memorandum Opinion, Docket Entry No. 11-21, pp. 9.

[6]Motion to Dismiss, Docket Entry No. 10, p. 3.

[7]State Application, Docket Entry No. 11-20, pp. 8.

[8]Application for Writ of Habeas Corpus Action Taken, Docket Entry No. 11-20, pp. 2.

explain its decision.[9] Dixon states that the TCCA never responded to his letter.[10]

Dixon signed his federal habeas petition on March 17, 2012.[11]

**B.   Petitioner's Claims**

Dixon presents the following grounds for habeas relief:

1.   The evidence is legally and factually insufficient to support Dixon's conviction;[12]

2.   Dixon received ineffective assistance of counsel because Dixon's attorney lost part of Dixon's file and failed to adequately notify Dixon of his right to file a petition for discretionary review.[13]

Respondent argues that this court must dismiss Dixon's Petition because Dixon failed to file it within the statute of limitations.[14]

## II.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for filing federal habeas petitions that challenge state court judgments. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins on the latest of four possible dates:

---

[9]Dixon's Letter, Docket Entry No. 11-4, pp. 1-2.

[10]Response to Motion to Dismiss, Docket Entry No. 12, pp. 1.

[11]Dixon's Petition, Docket Entry No. 1, pp. 10.

[12]Id. at 6.

[13]Id. at 7.

[14]Respondent's Motion, Docket Entry No. 10, pp. 5-8.

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Subsections (B), (C), and (D) of § 2244(d)(1) are not relevant to this action because Dixon does not claim state impediment, base his petition on a newly recognized constitutional right, or bring forward evidence undiscoverable at the time of final judgment. Therefore, Subsection (A) governs Dixon's case. As such, the statute of limitations started running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id.

The Fourteenth Court of Appeals affirmed Dixon's conviction on November 4, 2008.[15] Dixon then had thirty days to file a Petition for Discretionary Review with the TCCA. Tex. R. App. P. 68.2(a).

---

[15]Memorandum Opinion, Docket Entry No. 11-21, pp. 9.

-4-

Dixon's judgment became final on December 5, 2008, when the thirty day period ended.[16] See Gonzalez v. Thaler, 132 S. Ct. 641, 654 (2012) ("because [the petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired"). The 365-day statute of limitations started running on that date. Absent any tolling, Dixon had to file his federal habeas petition by December 5, 2009.

**A. Statutory Tolling**

A properly filed application for state post-conviction review tolls the limitations period:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). "A state petition for habeas relief is 'pending' for AEDPA tolling purposes on the day it is filed through (and including) the day it is resolved." Windland v. Quarterman, 578 F.3d 314, 317 (5th Cir. 2009).

The statute of limitations ran for 195 days before Dixon filed his state habeas petition on June 18, 2009, (leaving Dixon with 170

---

[16]Texas law computes the thirty-day period to start the day after a judgment is issued and to include the last day of the period. Tex. R. App. P. 4.1(a).

days to file his federal petition).[17]  Dixon's habeas petition was pending in Texas state court from June 18, 2009, until July 27, 2011.[18]  The statute of limitations was tolled until July 27, 2011, when the TCCA denied Dixon's petition.  Dixon had 170 days remaining to file his federal habeas petition.  Thus to be timely, Dixon's petition must have been filed by January 12, 2012.  Dixon waited until March 17, 2012, sixty-five days after the deadline to file his petition.

Dixon argues that the statute of limitations was tolled for an additional sixty days because the TCCA did not issue a written order explaining its decision.[19]  Instead, the TCCA denied his petition without a written order.[20]  Without a written order, Dixon asserts that he did not know the reasoning behind TCCA's decision.[21]  Without knowing the reasoning behind the TCCA's decision, Dixon argues that he could not proceed in federal court.[22]  Dixon argues that the statute of limitations was tolled until September 26,

---

[17]State Application, Docket Entry No. 11-20, pp. 8.

[18]Application for Writ of Habeas Corpus Action Taken, Docket Entry No. 11-20, pp. 2.

[19]Motion to Show why Petitioner is not Time Barred, Docket Entry No. 12, pp. 1.

[20]Id.

[21]Id.

[22]Id.

2011, the date when he realized that the TCCA would not further explain its decision.[23]

Dixon's argument fails for two reasons.  First, Dixon only argues that the statute of limitations tolled for an additional sixty days.  However, Dixon filed his federal habeas petition sixty-five days late.  Even adopting Dixon's argument, Dixon's Petition would have been five days late.

Second, a state habeas petition is only "pending" until the state resolves it.  The TCCA denied Dixon's Petition on July 27, 2011.  No legal authority supports Dixon's claim that the statute of limitations was tolled for an additional two months because the TCCA denied Dixon's petition without a written order.  Dixon could have proceeded in federal court immediately, with or without a written order.  See Harrington v. Richter, 131 S. Ct. 770, 784 (2011) ("determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning").

**B.  Equitable Tolling**

The court may equitably toll the statute of limitations. Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998).  "The doctrine of equitable tolling preserves a plaintiff's claim when strict

---

[23] Id.

application of the statute of limitations would be inequitable." Id. (citation omitted). The court will only grant equitable tolling in "rare and exceptional circumstances." Id. at 811.

Dixon has not shown his case involves any rare or exceptional circumstances. Even though the TCCA did not issue a written order, the TCCA adjudicated Dixon's claim on the merits. Register v. Thaler, 681 F.3d 623, 626 n.8 (5th Cir. 2012) ("Because the [T]CCA denied [the petitioner's] habeas application without written order, its decision constituted a 'denial on the merits'"). Dixon may have believed that he could not proceed without the TCCA's reasoning, but "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999). Because equitable tolling does not apply in this case, the statute of limitations bars Dixon's Petition.

### III.  Evidentiary Hearing

Section 2254(d) generally prohibits district courts from conducting evidentiary hearings to evaluate § 2254 habeas petitions. Blue v. Thaler, 665 F.3d 647, 656 (5th Cir. 2011) ("In the broad run of cases . . . § 2254 still requires deference to the state court's adjudication."); Pape v. Thaler, 645 F.3d 281, 288 (5th Cir. 2011) ("§ 2254(d)(1) bars a district court from conducting an evidentiary hearing because the statute requires an examination of the state court decision at the time it was made")

(internal quotation marks omitted).  Dixon presents no persuasive reason why that general rule should not apply in this action.  Moreover, an evidentiary hearing on the merits is unnecessary because the statute of limitations bars Dixon's habeas petition.  The court will therefore deny Dixon's Motion for an Evidentiary Hearing.

### IV.  Certificate of Appealability

Although Dixon has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte.  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  To obtain a COA for claims denied on the merits Dixon must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004).  To make such a showing Dixon must demonstrate that it is debatable among reasonable jurists whether a court could resolve the issues in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  Tennard, 124 S. Ct. at 2569.  For the reasons stated in this Memorandum Opinion and Order, Dixon has not made a substantial showing of a denial of a constitutional right. Accordingly, a Certificate of Appealability will not issue in this case.

## V. Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Respondent's Motion to Dismiss (Docket Entry No. 10) is **GRANTED.**

2. The Motion for an Evidentiary Hearing (Docket Entry No. 14) is **DENIED.**

3. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED.**

4. A Certificate of Appealability is **DENIED.**

**SIGNED** at Houston, Texas, on this the 12th day of July, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE